# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50985
CONSOLIDATED WITH
No. 22-50989

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2023

Lyle W. Cayce
Clerk

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ENRIQUE LOPEZ-CRISTOBAL,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-518-1, 4:22-CR-527-1

---

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:[*]

Defendant-Appellant Enrique Lopez-Cristobal appeals his sentence and challenges as unconstitutional, for his first time on appeal, the district court's application of the enhanced penalty range in § 1326(b). He contends that such an application permits a sentence above the statutory maximum of § 1326(a) based on a prior conviction that was not alleged in the indictment

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50985
c/w No. 22-50989

or found by a jury beyond a reasonable doubt. He raises that issue to preserve it for further review and has filed an unopposed motion for summary disposition, conceding that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). We separately note that, because Defendant-Appellant's brief does not address either his revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).[1]

Defendant-Appellant's motion for summary disposition is granted. The district court's judgment is affirmed.

———————————————

[1] Defendant-Appellant's appeal of his sentence imposed following his guilty plea conviction for illegal reentry is consolidated here with his appeal of the judgment revoking the term of supervised release he was serving at the time of the offense.